UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RASAON CARR,

        Plaintiff,

                               Case No. 1:25-cv-717

     v.

                               JUDGE DOUGLAS R. COLE
META PLATFORMS, INC., et al.,       Magistrate Judge Litkovitz

        Defendants.

## OPINION AND ORDER

RaSaon Carr, proceeding pro se, alleges that Defendants failed to adequately safeguard his "private data." (Compl., Doc. 3, #24). After reviewing the complaint, Magistrate Judge Litkovitz issued a report and recommendation (R&R, Doc. 4). There she recommends that the Court dismiss Carr's complaint under 28 U.S.C. § 1915(e)(2)(B) because it fails to allege facts granting the Court subject matter jurisdiction under 28 U.S.C. § 1331. Carr has since objected to that R&R. (Doc. 5). For the reasons stated below, the Court agrees with the recommendation and **DISMISSES** Carr's complaint **WITHOUT PREJUDICE**.

## BACKGROUND

Carr brings claims against two companies—Meta Platforms, Inc. (Meta) and Cambridge Analytica LLC (Cambridge Analytica). (*See* Doc. 3). He appears to allege that they failed to adequately safeguard his private data—presumably some kind of data breach claim. (*Id.* at #23–24). But the only detail Carr alleges *about the breach* is that the "Defendants wrongfully obtained and/or allowed unauthorized third parties to access [his] private data without consent, resulting in [his] personal

information being compromised." (*Id.* at #24). Carr then asserts that the conduct "constitute[d] unfair business practices and violations of federal and state data protection laws." (*Id.*). Elsewhere, Carr states that he used a Facebook account "during the relevant time period," and that he "opted out of the Facebook/Cambridge Analytica class action settlement." (*Id.* at #23). The complaint ends by going on to explain how Carr was harmed, apparently enough for some $5 million in compensatory damages, plus punitives. (*Id.* at #26–27).

Based on that, and invoking this Court's jurisdiction under 28 U.S.C. § 1331, Carr raises nine claims against Meta and Cambridge Analytica: (1) invasion of privacy; (2) negligence; (3) unfair business practices in violation of 15 U.S.C. § 45(a) and Ohio Revised Code § 1345.02; (4) violation of data protection laws; (5) breach of contract; (6) inadequate security measures; (7) insufficient data handling practices; (8) lack of transparency; and (9) inadequate breach response. (*Id.* at #24–26).

Before continuing, the Court pauses to note that this is not Carr's first time raising these facts in this Court. *See Carr v. Meta Platform, Inc.*, No. 1:23-cv-322, 2023 WL 8069225 (S.D. Ohio Nov. 21, 2023). This Court ultimately dismissed Carr's previous action because Carr failed to state a claim upon which relief could be granted. *Id.* at *4. There, the Court dismissed without prejudice because its decision rested on pleading defects. *Id.*

Now, some two years later, Carr has filed another action.[1] Because Carr sought to proceed in forma pauperis, (Doc. 1), the matter was referred to a Magistrate Judge under Cincinnati General Order 22-02. On October 16, 2025, she granted Carr's request to proceed as such. (Doc. 2). That same day, invoking the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge issued her R&R recommending dismissal of Carr's complaint as frivolous. (Doc. 4, #37–38). She did so because Carr attempted to invoke federal question jurisdiction under 28 U.S.C. § 1331 yet failed to plead any non-frivolous claim based on a federal right or statute. (*Id.*). That means that the Court lacks subject matter jurisdiction. Admittedly, Carr purported to bring a claim under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which is of course a federal statute. But the Magistrate Judge noted that "[c]ourts have uniformly held that a private right of action does not exist under [that statute]." (*Id.* (quoting *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000))). And with no other identified federal claim lurking in the background, she concluded that federal question jurisdiction was lacking.

The Magistrate Judge also found that even if Carr had instead invoked diversity jurisdiction[2] the complaint remains deficient as to both Defendants. (*Id.* at

---

[1] While Carr's current complaint neglects to mention when any of Defendants' alleged conduct occurred, (*see* Doc. 3), his previous complaint described a data breach "between March 2018 to December 2019," (Compl., *Carr v. Meta Platform, Inc.*, No. 1:23-cv-322 (S.D. Ohio June 8, 2023), Doc. 3, #17). So, presumably, many of his claims would now be barred by the relevant statutes of limitation.

[2] While Carr is pro se and entitled to liberal construction of his complaint, even then he does not allege any basis for diversity jurisdiction. To the contrary, he pleads that both he and Meta are residents of Ohio. (Doc. 3, #23).

3

#38 n.2). That is because the complaint is "still too conclusory to state a plausible claim for relief" against Defendants, even as to Carr's state law claims. (*Id.*).

For those reasons, the Magistrate Judge recommended the Court dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B). The R&R also advised Carr that failing to object within 14 days could result in a forfeiture of his rights on appeal. (*Id.* at #39 (first citing *Thomas v. Arn*, 474 U.S. 140 (1985); and then citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981))); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that, when ruling upon a magistrate's recommendation, a "judge of the court shall make a de novo determination" only as to "those portions of the report or specified proposed findings or recommendations to which objection is made"). Carr timely filed his objections. (*See* Doc. 5). There, he objects to the R&R's finding that federal question jurisdiction is lacking by reminding the Court that he brings a claim under 15 U.S.C. § 45(a). (*Id.* at #41). He also objects to the R&R's finding that his complaint contained insufficient factual allegations and restates some of the allegations from his complaint. (*Id.*). Finally, he requests leave to amend should the Court find any pleading deficiencies. (*Id.* at #42).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an

4

objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (citation omitted) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Carr is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).

## LAW AND ANALYSIS

The Court finds that Carr has adequately objected, meaning he is entitled to de novo review on the issues he raised. However, upon conducting that review, the

5

Court agrees with the Magistrate Judge that Carr fails to establish subject matter jurisdiction, requiring the dismissal of his claims.[3]

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Houston*, No. 21-1656, 2022 WL 3452473, at *1 (6th Cir. June 1, 2022) (quoting Fed. R. Civ. P. 12(h)(3)). Carr explicitly invokes federal question jurisdiction under 28 U.S.C. § 1331 as the basis for his case's presence in federal court in both his complaint and in his objections to the R&R. (Doc. 3, #23; Doc. 5, #41). That statute grants federal courts "subject-matter jurisdiction in cases 'arising under the Constitution, laws, or treaties of the United States.'" *Houston*, 2022 WL 3452473, at *2 (quoting 28 U.S.C. § 1331). But such jurisdiction does not extend to claims based on federal law that are "made solely for the purpose of obtaining jurisdiction" or that are "wholly insubstantial and frivolous." *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 624 (6th Cir. 2010) (quotation omitted).

Here, Carr's only potential federal claim, and the only one he points to on objection, arises under Section 5 of the FTC Act, 15 U.S.C. § 45(a). Reviewing the issue de novo, the Court agrees with the R&R that Section 5 does not provide a private right of action. *Morales*, 162 F. Supp. 2d at 790 (collecting cases). So any such claim by Carr, a private actor, is frivolous. And that means federal question jurisdiction is lacking, requiring the Court to dismiss the complaint. Fed. R. Civ. P. 12(h)(3).

---

[3] While there is some dispute over whether a complaint, under 28 U.S.C. § 1915(e)(2)(B), can be screened and dismissed on subject-matter jurisdiction grounds, the Court finds that the distinction does not ultimately matter here, as courts may sua sponte dismiss on such grounds. *See Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2–3 (S.D. Ohio Jan. 10, 2022) (discussing the relevant caselaw).

Normally, because it is not a determination on the merits, such a dismissal would be without prejudice.[4] *Howard*, 2022 WL 92462, at *3. And Carr has requested an opportunity to amend his complaint in the event of a dismissal. (Doc. 5, #42). On the other hand, this is not Carr's first attempt at bringing claims on these facts. *See Carr*, 2023 WL 8069225, at *1. And while typically only used in rare circumstances, courts may dismiss on subject-matter jurisdiction grounds with prejudice, as a sanction, when the "[c]omplaint is frivolous." *Jones v. United States*, No. 2:20-cv-2331, 2021 WL 981298, at *3 (W.D. Tenn. Mar. 16, 2021) (first citing *Meitzner v. Young*, No. 16-1479, 2016 WL 11588383, at *1 (6th Cir. Oct. 25, 2016); and then citing *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005)).

Ultimately, the Court finds that dismissal with prejudice would be too harsh here. Carr's complaint is not so frivolous to rise to the level of sanctionable, and Carr should be afforded the opportunity to refile in state court if he so chooses. However, because the Court cannot conceive of a federal question consistent with the allegations in Carr's complaint that might give the Court jurisdiction, any amendment here would be futile. So the Court denies Carr leave to amend this action. Thus, the dismissal, while on jurisdictional grounds, precludes Carr from refiling in federal court. *See Howard*, 2022 WL 92462, at *3.

Finally, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal taken from this Order would not be "in good faith." So the Court declines to grant him

---

[4] The Magistrate Judge did not specify whether dismissal should be with or without prejudice.

7

leave to proceed in forma pauperis on appeal. That said, he is of course free to apply to that court for such leave.

## CONCLUSION

For the foregoing reasons, the Court accepts the Magistrate Judge's recommendations, **OVERRULES** Carr's objections, and **DISMISSES** this case, but **WITHOUT PREJUDICE**. To be clear, the Court intends this dismissal, although without prejudice, to act as a final judgment in this matter. To that end, the Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this opinion and order would not be made in good faith, and **DENIES** Carr leave to appeal in forma pauperis. That said, Carr may seek leave in the Sixth Circuit to appeal in forma pauperis, should he wish. Finally, and consistent with the above, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

July 14, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8